**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **YORJIS CARBONELL AGUILAR #A220-856-946** | **CASE NO. 1:26-CV-03440 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WINN CORRECTION CENTER** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a "Motion to Enjoin Further Transfer of Petitioner Pending Resolution of the Habeas Corpus Petition" (Doc. 2) and an "Emergency Motion for Immediate Release and for an Order to Show Cause" (Doc. 3) filed by *pro se* Petitioner, Yorjis Carbonell Aguilar.

## BACKGROUND

Petitioner is a citizen and native of Cuba who arrived in the United States on or about November 7, 2021.[1] Petitioner was not admitted or paroled after inspection by an Immigration Officer.[2] Petitioner was issued an Order of Release on Recognizance by the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE").

---

[1] Petitioner's exhibit A.
[2] *Id.*

On of about January 27, 2022, Petitioner filed a Form 1589 Application for Asylum and for Withholding of Removal.[3] Petitioner was issued an Employment Authorization, Social Security Card, and Driver's License.[4]

Petitioner was scheduled for a mandatory check-in on July 7, 2026 with ICE.[5] When he appeared at the ICE office, he was arrested and is now being detained at he Winn Correctional Center in Winnfield, Louisiana.

**LAW AND ANALSYIS**

Petitioner is requesting an immediate release from detention, an order to who cause why he should not be released, and an order enjoining Respondents from transferring him without any advance notice. Petitioner is concerned that a transfer to another jurisdiction would disrupt his ability to litigate his pending habeas Petition.

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

---

[3] Petitioner's exhibit B.
[4] *Id.*
[5] Petitioner's exhibit C.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition. Additionally, Petitioner has not certified in writing of any efforts made to give notice and why it should not be required. As such, the requirements of Rule 65 have not been met.

Additionally, Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. See *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). And courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Substantively, claims regarding prison transfers are generally not cognizable under § 2241. See *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008)) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being

housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App'x 767 (5th Cir. 2005) citing *Yates v. Stalder* , 217 F.3d 332,334 (5th Cir. 2000)).

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

As previously noted, Petitioner seeks immediate release, or in the alternative, a bond hearing. To the extent petitioner seeks to be immediately released or to expedite a detention hearing, the Court considers this to be a shortcut around the habeas process. The Court is reluctant to set a precedent that would interfere with the Government's adjudication of Petitioner's immigration status.

**CONCLUSION**

Petitioner's Motion to Enjoin Further Transfer of Petitioner Pending Resolution of the Habeas Corpus Petition (Doc. 2) and Emergency Motion for Immediate Release and for an Order to Show Cause (Doc. 3) contain bare-bones allegations that do not suggest that he faces any immediate irreparable injury, loss, or damage. Significantly, it provides no legal justification for a temporary restraining order. Additionally, Petitioner fails to meet the requirements of Rule 65 of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Enjoin Further Transfer of Petitioner Pending Resolution of the Habeas Corpus Petition (Doc. 2) and Emergency Motion for Immediate Release and for an Order to Show Cause (Doc. 3) are **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 24th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**